IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PATRICIA SWATOSH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-04-CV-208-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia Swatosh seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled due to depression, a bipolar disorder, and petit mal seizures. After her application for social security benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. This hearing was held on July 9, 2003. At the time of the hearing, plaintiff was 39 years old. She has an eighth-grade education and past work experience as a telemarketer, housekeeper, and waitress. Plaintiff has not engaged in substantial gainful activity since April 16, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance or supplemental security income benefits. Although the medical evidence established that plaintiff suffers from a variety of mental impairments, including depression, bipolar disorder, seizures, poor

concentration, and suicidal thoughts, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform light, unskilled work activity and could return to her past relevant work as a maid or housekeeper. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In her sole ground for relief, plaintiff argues that the assessment of her residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected

to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

> 1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.
>
> 4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The ALJ determined that plaintiff has the residual functional capacity to perform light, unskilled work activity, provided she avoids dangerous machinery and heights. (*See* Tr. at 22). In reaching this conclusion, the judge relied, in part, on a neurologic evaluation performed by Dr. Jaime Lim. Dr. Lim diagnosed plaintiff with a "probable non-convulsive seizure disorder" that could be controlled by anti-convulsant medication. (*See id.* at 170). Notwithstanding this assessment, plaintiff accuses the ALJ of "dismissing" Dr. Lim's expert medical opinion.[1]

The court disagrees. The medical evidence adduced by plaintiff fails to establish that her seizure disorder, either singularly or in combination with her other impairments, was disabling. Of

---

[1] Plaintiff correctly notes that Dr. Lim was unsure whether her periodic trance-like states were due to an Absence seizure, also known as a petit mal seizure, or a complex partial seizure, also known as a temporal lobe seizure. (*See* Tr. at 170). However, contrary to plaintiff's argument, Dr. Lim did not draw a distinction between these types of seizures in opining whether the disorder could be controlled by medication. Rather, he concluded that "[i]f seizure is confirmed by EEG and the patient is started on anti-convulsant medication, it is my opinion that this trance-like state can easily be controlled." (*Id.*).

particular significance are the objective findings of plaintiff's neurologic examination, which were all normal. Based on the results of that examination, Dr. Lim concluded that plaintiff was able to do work activities such as sit, stand, move about, lift, carry, handle objects, hear, and speak. Even if plaintiff suffered from a seizure disorder, Dr. Lim believed that her "trance-like state" could easily be controlled by anti-convulsant medication. (*Id.* at 170).[2] Thus, Dr. Lim's opinion is entirely consistent with the ALJ's finding that plaintiff could return to her past relevant work as a maid or housekeeper.

Other objective medical evidence in the record also supports the hearing decision. A psychiatric examination performed by Dr. Jack R. Tomlinson concluded that plaintiff was under appropriate care and that her prognosis was "fair to good." (*Id.* at 175). A medical consultant, Dr. Jim Cox, found no significant or moderate mental limitations in plaintiff's ability to perform work-related activities. (*Id.* at 199-201). Dr. Cox further noted that plaintiff's alleged symptoms and limitations were "not wholly credible," an opinion shared by two other examiners. (*See id.* at 182, 197 & 251-52). Given the total lack of objective medical evidence, the ALJ was entitled to discredit plaintiff's self-described limitations. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991) (credibility determinations are within sole province of ALJ); *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981) (claimant's subjective complaints need not be accepted as true).

In short, there is nothing in the record, other than her own testimony, to suggest that plaintiff's alleged mental impairments preclude her ability to work as a maid or housekeeper. *See* 20 C.F.R. §§ 404.1508 ("A physical or mental impairment must be established by medical evidence

---

[2] Plaintiff argues that she previously tried drug therapy to control her seizure disorder. Although plaintiff took Tegretal in 2000 for possible petit mal and temporal lobe seizures, her doctor discontinued the medication after three weeks because of adverse side effects. (*See* Tr. at 228-29). Thereafter, plaintiff continued to take mood stabilizers and anti-depressants, including Prozac, Depakote, Zyorexa, and Wellbutrin. (*See id.* at 232, 240). However, there is no evidence that she tried any other anti-convulsant medications.

consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.");

*see also id.* §§ 404.1528(a), 416.928(a) & 404.1529, 416.929.  Absent objective medical evidence to the contrary, the court cannot say that the ALJ erred in finding that plaintiff was not disabled.

## **CONCLUSION**

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED:  November 14, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE